UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

HOMER HOLLOWAY,

Movant,

v.                          608CV100
                            606CR026

UNITED STATES OF AMERICA,

Respondent.

## ORDER

### I. BACKGROUND

Before the Court is Homer Holloway's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal prison sentence, doc. # 1, the magistrate judge's report and recommendation (R&R) that Holloway's motion be denied, doc. # 14, and Holloway's objections to the R&R, doc. # 16.

This Court sentenced Holloway to 156 months in prison for violating 21 U.S.C. § 846 (conspiracy to possess with intent to distribute cocaine base and cocaine hydrochloride) pursuant to a guilty plea. Holloway alleges that his retained counsel, Michael Garrett, was ineffective for failing to file an appeal on his behalf following the sentencing, despite Holloway's request for Garrett to do so. Doc. # 1 at 4. Garrett contends that Holloway never made such a request, and the magistrate judge held an evidentiary hearing to determine whether Holloway had given Garrett such instructions.

At that hearing, Holloway and Garrett offered conflicting testimony regarding whether Holloway asked Garrett to appeal his sentence. Garrett claimed that after sentencing he met with Holloway in a holding area where they discussed the possibility of appeal in detail. Garrett said he explained Holloway's appellate rights but advised against filing an appeal which he perceived to have no merit in light of Holloway's guilty plea and favorable sentence. Garrett claims Holloway never asked him to file an appeal, while Holloway claims that he did make such a request. The magistrate judge weighed the credibility of the two witnesses, found Garrett to be more credible, and concluded that Holloway had not requested that Garrett file an appeal. Doc. # 14 at 5. Thus, the magistrate judge recommends that the Court deny Holloway's § 2255 motion based on the alleged ineffective assistance of counsel. *Id.* at 6.

The R&R is limited to a finding that Holloway did not expressly instruct Garrett to file a Notice of Appeal (NOA). Holloway objects to the R&R, arguing that even in the absence of such express instructions, Garrett had an affirmative duty to determine whether his client wanted to appeal and breached that duty.

### II. DISCUSSION

#### A. New Issues Raised by Holloway

As a preliminary matter, the issue raised in Holloway's objections to the R&R was not raised before the magistrate judge. Holloway's § 2255 motion alleged only that Garrett failed to comply with Holloway's express instructions to file an NOA. Doc. # 1 at 4. During the evidentiary hearing, the magistrate judge limited the testimony to whether Holloway had instructed Garrett to file an NOA. At no time during the hearing

before the magistrate judge did Holloway's § 2255 counsel[1] argue that Garrett breached a duty to determine affirmatively determine whether Holloway wished to appeal.

The Court has discretion to consider or decline to consider arguments raised for the first time in objections to an R&R. *See generally Williams v. McNeil*, --- F.3d ----, 2009 WL 311298 (11th Cir. 2/10/09). This case presents an example of where "'allowing parties to litigate full their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act.'" *Id.* at * 4 (quoting *Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638 (9th Cir. 1988), *overruled on other grounds by U.S. v. Hardesty*, 977 F.2d 1347, 1348 (9th Cir. 1992) (en banc)). Nevertheless, in light of the important interest at stake here, the Court will consider Holloway's new arguments, albeit with an awareness that the Government did not have an opportunity to address them during the hearing before the magistrate judge.

### B. The Ineffective Assistance of Counsel Claim

In order to prevail on his claim that counsel was constitutionally ineffective for failing to file an appeal, Holloway must show that Garrett's performance was deficient and that this deficiency prejudiced him. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). It is a "well-settled rule that an attorney who fails to file an appeal on behalf of a client who specifically requests it acts in a professionally unreasonable manner per se." *Gomez-Diaz v. United States*, 433 F.3d 788, 792 (11th Cir. 2005). The Court accepts the magistrate judge's finding that Holloway never made such a specific request. However, an attorney's duty to his client is not merely to file an NOA only when expressly asked to do so. Doc. # 16 at 4-7.

> In those cases where a defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, we believe the question whether counsel has performed deficiently by not filing a notice of appeal is best answered by asking a separate, but antecedent question: whether counsel in fact consulted with the defendant about an appeal. We employ the term "consult" to convey a specific meaning – advising the defendant about the advantages and disadvantages of taking the appeal, and making a reasonable effort to discover the defendant's wishes.

*Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). While Holloway does not dispute the fact that Garrett discussed his right to an appeal with him, he suggests that Garrett failed to "consult" with him by making a reasonable effort to discover his wishes.

There is some concern that Garrett's understanding that Holloway wished to waive his right to appeal rested on shaky grounds. Asked whether Holliday accepted Garrett's recommendation advising against appeal, Garrett responded, "You know, at most, he may have nodded his head, or [said] all right or something like that. He had been sentenced. He had just gotten a significant downward departure.... He had done very well." Audio Recording: Evidentiary Hearing Before Magistrate Judge (2/19/09). When asked if it was possible that Holloway

---

[1] The Court appointed Daniel G. Ashburn to represent Holloway on his habeas motion. Doc. # 10.

2

expected Garrett to file an appeal, Garrett replied, "Well, anything is possible, but that is not the impression that I had when I walked away." *Id.* Garrett's understanding was also shaped by a request from Holliday to send him his case file, which Garrett viewed as evidence that Holloway intended to file a § 2255 motion in lieu of a direct appeal. Doc. # 14 at 4-5.

It therefore appears that Garrett's belief that Holloway did not want to appeal was based largely on inferences, assumptions, and Holloway's acquiescence to Garrett's recommendation against filing an appeal. Whether Garrett took reasonable efforts to discover Holloway's wishes is debatable. Certainly, attorneys can reasonably draw inferences from communications with their clients. But given the potential for a miscommunication here, the Court is uncomfortable concluding that Holliday clearly waived his constitutional right to an appeal. Although it is certainly a close call, the Court cannot conclude that the efforts taken to discover Holloway's wishes were entirely sufficient.[2]

When a lawyer has not sufficiently consulted with his client regarding an appeal, the Court must ask a second question – whether counsel had a constitutional obligation to consult with the defendant about an appeal at all. *Flores-Ortega*, 528 U.S. at 478; *Thompson v. U.S.*, 504 F.3d at 1207. Such a duty only arises when "there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega*, 528 U.S. at 478.

Addressing the second prong first, Holloway argues that he demonstrated interest in appealing by initiating the conversation with Garrett on the subject. Garrett, for his part, testified that he did not recall who initiated the conversation. Thus, Holloway's testimony is not sufficiently refuted, and the Court will accept that the conversation was initiated by Holloway. This would seem to be an indication that Holloway might have been interested in appealing. It thus triggered Garrett's duty to consult with Holloway and make a reasonable effort to discover his wishes.

Finally, Holloway must satisfy the prejudice prong of *Strickland's* ineffective assistance of counsel test. *Gomez-Diaz*, 433 F.3d at 792. Holloway cites to *Gomez-Diaz* for the rule that:

> If the evidence establishes either that Petitioner's attorney acted contrary to his client's wishes, or that he failed to fulfill his duty to attempt to determine his client's wishes, prejudice is to be presumed, and Petitioner is entitled to an out-of-time appeal, regardless of whether he can identify any arguably meritorious grounds for appeal that would fit one of the exceptions contained in his appeal waiver.

---

[2] Coloring the Court's decision is the fact that Garrett was retained counsel and there was no engagement letter specifying when Garrett's representation would conclude. Furthermore, this Court distributes a hand-out sheet to each defense lawyer following his client's conviction. *See Baughman v. U.S.*, 2008 WL 3861991 (S.D. Ga. 8/18/08) (containing a copy of that form). The form is designed to prevent precisely these sorts of claims, and had that procedure been followed, there would be no question as to whether Holliday had waived his right to appeal.

3

433 F.3d at 793. However, Holloway "must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Flores-Ortega*, 528 U.S. at 484; *See also Gomez-Diaz*, 433 F.3d at 793 ("[W]e require the defendant to demonstrate that, but for counsel's deficient conduct, he would have appealed." (quoting *Flores-Ortega*, 528 U.S. at 486)).

This requires a fact-specific inquiry that considers such factors as whether there were nonfrivolous grounds for appeal and whether the defendant promptly expressed a desire to appeal. *Flores-Ortega*, 528 U.S. at 485. A defendant does not always have to specify the points he would raise if his right to appeal were reinstated, but if he does not do so, there need to be other substantial reasons to believe that he would have appealed. *Id.* at 487.

Holloway's objections do not point to any issues that he would raise on appeal. Additionally, the Court does not see any substantial reasons why Holloway would have appealed what appears to have been a very favorable outcome for him. Holloway acknowledged that Garrett negotiated an excellent plea agreement on his behalf. Doc. # 14 at 2. Garrett had rejected the government's first offer (which exposed Holloway to a 20-year *minimum* sentence) for a more favorable agreement (which exposed Holloway to a 20-year *maximum* sentence). *Id.* at 2 n. 2. Furthermore, Holloway's sentence of 156 months was a downward departure from the guideline range of 188 to 235 months. 6:06CR026, doc. ## 696, 865. Lastly, Garrett testified that he saw no meritorious grounds for an appeal and that he would have filed an *Anders*[3] brief if Holloway had directed him to appeal his conviction and sentence. Doc. # 14 at 4.[4]

The Court cannot conclude that there was a reasonable probability that Holloway would have appealed but for Garrett's failure to take greater efforts to discover his wishes. As Holloway has not shown any prejudice, his claim for ineffective assistance of counsel fails.

C. **CONCLUSION**

The Court thus ***ADOPTS*** the magistrate judge's R&R, doc. # 14, as supplemented by this Order, and ***DENIES*** movant Homer Holloway's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal prison sentence, doc. # 1. Holloway's request for appointment of counsel is ***DENIED AS MOOT***.

This 23rd day of March 2009

*[signature]*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3] *See Anders v. California*, 386 U.S. 738, 744 (1967) (counsel appointed for appeal who finds his case to be wholly frivolous, after conscientious examination, should so advise the court and request permission to withdraw, supplying a brief highlighting anything in the record that might arguably support an appeal).